**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| DOUGLASS ROBINSON, Board of Trustees Chairman, and DAVID THARP, Board of Trustees Secretary, respectively, on behalf of INDIANA REGIONAL COUNCIL OF CARPENTERS PENSION TRUST FUND and INDIANA REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PLAN; DAVID THARP, Board of TrusteesChairman, on behalf of INDIANA CARPENTERS WELFARE FUND and INDIANA CARPENTERS APPRENTICESHIP FUND AND JOURNEYMAN UPGRADE PROGRAM; DOUGLAS J. McCARRON, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and INDIANA REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and, INDIANA/KENTUCKY REGIONAL COUNCIL OF CARPENTERS, <br><br>        Plaintiffs, <br><br>    vs. <br><br>GARZA MAINTENANCE AND CONSTRUCTION, LLC and RICHARD GARZA, <br><br>        Defendants. | No. 2:08 CV 109 PS |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Verified Application to Court to Enter an Order and Default Judgment against Defendants [DE 10]. Because Defendants Garza Maintenance and Construction, LLC and Richard Garza have failed to answer or otherwise defend this lawsuit, they are adjudged to be in default.

## I.  BACKGROUND

Plaintiffs filed their complaint in this matter on April 9, 2008 [DE 1].  Service of Summons and Complaint by certified mail was made and received by agent for Richard Garza on April 16, 2008 [DE 5] and Garza Maintenance and Construction on April 25, 2008 [DE 6]. Both Defendants failed to appear, plead, or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs filed an Application for Clerk to Enter Default of Defendants on June 26, 2008 [DE 7], which the clerk of the court entered on June 30, 2008 [DE 8].  Plaintiffs then filed a Verified Application to enter default judgment [DE 9] on July 2, 2008, which is now before the Court.

Plaintiffs allege that Defendant Garza Maintenance failed to make monthly contributions and payroll deductions from September 2007 through December 2007 to the Plaintiffs Trust Funds[1] and the Plaintiff Union[2], as required by a collective bargaining agreement signed by Garza Maintenance.  (*See* Compl. at 2-5.)  Plaintiffs further allege that Defendant Richard Garza, Owner of Garza Maintenance, was in control of the withheld payroll deductions and is personally liable for paying the contributions and deductions.  (*Id.* at 8-9.)  Plaintiffs seek (1) $16,075.68  in delinquent contributions to the Plaintiffs Trust Funds for the period of September through December 2007 (2) $3,215.14 in interest and liquidated damages to the Plaintiffs Trust Funds for

---

[1] "Plaintiffs Trust Funds" include Doug Robinson, Chairman, and David Tharp, Secretary, on behalf of Indiana Regional Council of Carpenters Pension Trust Fund and the Indiana Regional Council of Carpenters Defined Contribution Plan; David Tharp, Chairman, on behalf of Indiana Carpenters Welfare Fund and Indiana Carpenters Apprenticeship Fund and Journeyman Upgrade Program; and, Douglas J. McCarron, Chairman, on behalf of United Brotherhood of Carpenters Apprenticeship Training Fund of North America.

[2] "Plaintiff Union" is the Indiana/Kentucky Regional Council of Carpenters.

the period of September through December 2007; and, (3) attorney's fees ($1,162.50) and costs ($359.80.)  (Pls. App. at 2.)  Accordingly, Plaintiffs seek a total of $20,813.12 from Defendants.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.  *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.").  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).  *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992).  Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  "This entry is recognition of the fact that a party is in default for a failure to comply with the rules."  *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendants in this case, this Court may now enter a default judgment under Rule 55(b)(2).  While Federal Rule of Civil Procedure 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so.  *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  "'As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint.'"  *O'Brien*, 998 F.2d at 1404 (citation omitted).

Courts may consider a number of factors when deciding a motion for default judgment.  These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds

3

for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998).

In this case, the factors listed above weigh in favor of default judgment.  There are very few material issues of fact and the grounds for default are clearly established.  Moreover, there are no issues of substantial public importance here.  Furthermore, the default is not simply a technicality, as Defendants have not pleaded or appeared in this matter since the lawsuit was filed in April 2008.  Defendants cannot be allowed to completely ignore this suit.  Finally, Plaintiffs seek a relatively small amount of money.  Nevertheless, Defendants' refusal to respond to Plaintiffs' complaint prejudices Plaintiffs by delaying their receipt of the money at issue.  Thus, the Court finds that a weighing of these competing factors comes out in favor of Plaintiffs, and default judgment is appropriate.

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  In cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, however, such a hearing is unnecessary.  *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323).

To support their claims for delinquent contributions, interest, liquidated damages and audit fees, Plaintiffs submitted an affidavit from Irene Newman, their Depository Agent.  (Newman Aff. ¶ 1 [DE 9-3].)  She states in her affidavit that Garza Maintenance submitted its monthly reporting forms for the period of September 2007 through December 2007, but did not submit payments.  She attaches to her affidavit self-prepared monthly reporting forms submitted by Garza Maintenance for the period of September 2007 through December 2007.  Together, the affidavit and reporting forms demonstrate that Garza Maintenance owes the following amounts:

4

|  |  |
|---|---|
| Unpaid Contributions | $16,07.57 |
| Interest | $1,067.57 |
| Liquidated Damages | $1,067.57 |
| **TOTAL** | **$19,290.82** |

(*Id.* at Ex.)

Next, Defendants owe $1,162.50 in attorney's fees.  Plaintiffs' attorney, Paul Berkowitz, submitted an affidavit and billing spreadsheet, reflecting the tasks completed, the employee who performed the tasks, and the hours spent on each task.  (P. Berkowitz Aff. and Ex., DE 11.)  After reviewing the billing spreadsheet, the Court finds that $1,162.50, the final lodestar amount, is reasonable and appropriate.  *See Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (noting that a lodestar amount is obtained by multiplying the number of hours an attorney reasonably worked on the litigation by a reasonable hourly rate).

Finally, Plaintiffs seek $359.80 in attorney expenses and costs.  Berkowitz's billing spreadsheet broke down the expenses and costs associated with the litigation, showing them to include only the Court Filing Fee and costs of mailing the summons to Defendants.  The Court finds that they also are reasonable.

As shown above, Plaintiffs have attached detailed affidavits from Irene Newman and Paul Berkowitz to establish the amount of damages owed by Defendants.  The affidavits are supported by documentary evidence.  Accordingly, a hearing is not required in this matter.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Verified Application to Court to Enter an Order and Default Judgment against Defendants  [DE 9] is **GRANTED**.  Defendants Garza Maintenance and Construction LLC and Richard Garza are **ORDERED** to pay:

5

(1) $19,290.82 in delinquent contributions, interest, liquidated damages and audit fees to Plaintiffs for the period of September 2007 through December 2007; and

(2) $1,162.50 and $359.80 to the Plaintiffs in attorneys' fees, and expenses and costs.

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiffs are entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED**.

ENTERED: July 22, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT